IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BROOKS TERRELL,                        :
                                       :
              Plaintiff,               :          CIVIL NO. 4:08-CV-1248
                                       :
       v.                              :          (Judge McClure)
                                       :
LIEUTENANT BENFER, *et al.*,           :
                                       :
              Defendants.              :

## MEMORANDUM

October 22, 2009

Plaintiff Brooks Terrell ("Plaintiff" or "Terrell"), an inmate presently confined

at the Federal Correctional Institution Talladega ("FCI Talladega") in Talladega,

Alabama, commenced this *pro se* civil rights action by filing a Complaint raising

claims under 28 U.S.C. § 1331. Presently before the Court are Defendants' motions

for summary judgment (Rec. Doc. No. 14) and for a protective order (Rec. Doc. No.

28). For the reasons set forth below, the motion for summary judgment will be

denied, and the motion for a protective order will be denied as moot.

## MOTION FOR SUMMARY JUDGMENT

### I.    Procedural Background

On July 1, 2008, Plaintiff filed his Complaint in which he names the following

employees of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary

in Lewisburg, Pennsylvania ("USP Lewisburg") as Defendants: Lieutenant Benfer, Lieutenant Flemmins, and Correctional Officer Chuck Anderson. The events that form the basis for his Complaint occurred while Plaintiff was confined in the Special Housing Unit ("SHU") at USP Lewisburg. He alleges that, on May 25, 2008, Defendant Anderson violated the Eighth Amendment by yelling in the SHU that Plaintiff is a rapist. (Rec. Doc. No. 1 § IV ¶ 1.) He further alleges that, on May 30, 2008, Defendants Flemmins and Anderson moved him within the SHU to a cell with another inmate in violation of the Fifth and Eighth Amendments. (*Id.* ¶¶ 2-3.) Plaintiff alleges that the other inmate beat him, tied him up, and "took him hostage." (*Id.*) The inmate allegedly stated that "he will not live with a rapist." (*Id.* ¶ 3.) Plaintiff alleges that he suffered abrasions to his neck, wrists, ankles, and mouth and suffered mental trauma. (*Id.*) As relief, Plaintiff seeks $15,000 from each Defendant. (*Id.* § V.)

Service of the Complaint was directed by Order dated July 15, 2008. (Rec. Doc. No. 7.) On September 12, 2008, Defendants filed the instant motion for summary judgment. (Rec. Doc. No. 14.) On September 18, 2008, Defendants filed a supporting brief (Rec. Doc. No. 15), a statement of material facts ("SMF") (Rec. Doc. No. 16), and a supporting declaration (Rec. Doc. No. 17). On December 23, 2008,

Plaintiff filed a document entitled "Motion for Cross Summary Judgment" to which he attached an affidavit and supporting exhibits. (Rec. Doc. No. 21.) The document contained the caption for this action as well as for Plaintiff's other pending civil rights action at Civil No. 4:08-CV-1311 and was filed on both dockets. On January 15, 2009, this Court issued Orders in both cases construing the document as Plaintiff's brief in opposition to the motions for summary judgment pending in both cases inasmuch as it contained argument and citations to case law responding to the arguments presented in both sets of Defendants' supporting briefs. (*See* Rec. Doc. No. 22.) The Order also directed Plaintiff to file a statement of material facts responding to Defendants' SMF in accordance with Middle District of Pennsylvania Local Rule 56.1 ("LR 56.1"). (*See id.*) On February 2, 2009, Plaintiff filed identical statements of material facts in this case and in his action at Civil No. 4:08-CV-1311. (Rec. Doc. No. 24.) Defendants filed a reply brief on February 17, 2009. (Rec. Doc. No. 26.) Accordingly, the motion is ripe for disposition.

## II.  <u>Standard of Review</u>

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. *Id.*; *Justofin v. Metropolitan Life Ins. Co.,* 372 F.3d 517, 521 (3d Cir. 2004).

A party seeking the entry of summary judgment bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). However, the nonmoving party cannot do so merely by offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. *Celotex*, 477 U.S. at 324; *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.,*

4

172 F.3d 238, 252 (3d Cir. 1999). In evaluating a motion for summary judgment, the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party. *Am. Flint Glass Workers Union v. Beaumont Glass Co.,* 62 F.3d 574, 578 (3d Cir. 1995).

## III. Discussion

### A. Exhaustion of Administrative Remedies

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing his Complaint in this action. Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287, 295

(3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined in BOP custody. The BOP Administrative Remedy Program is described at 28 C.F.R. Part 542. The purpose of the program "is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a).

### B.    Undisputed Facts as to Exhaustion

The following facts are undisputed.[1]  Defendants submitted BOP records

showing that Terrell filed seven requests for administrative remedy while in BOP

custody.  (Rec. Doc. No. 16, Dfts.' SMF, ¶ 3; Rec. Doc. No. 17, BOP Records, at 4-8.)

Six of the seven requests for administrative remedy predate May 2008, the earliest

date referenced in the Complaint in the instant action.  (Rec. Doc. No. 16 ¶ 4.)  On

June 20, 2008, Terrell filed an administrative remedy (Rem. ID 499616-R1) directly

to the Northeast Regional Office.  (*Id.* ¶ 5.)  He identified the request, which alleged

---

[1]LR 56.1 requires that a non-moving party's statement of facts respond to the numbered paragraphs set forth in the moving party's statement.  LR 56.1.  The non-moving party's statement also "shall include references to the parts of the record that support the statements."  *Id.*  Moreover, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  *Id.*

This Court's January 15, 2009 Order specifically directed Plaintiff to file a statement of material facts responding to Defendants' statement in accordance with LR 56.1.  (*See* Rec. Doc. No. 22 ¶ 2.)  Plaintiff's statement contains numbered paragraphs, but they do not respond to the paragraphs in Defendants' statement.  (*See* Rec. Doc. No. 24.)  For this reason, Defendants assert that their facts should be deemed admitted.  (*See* Rec. Doc. No. 26.)

Although Plaintiff offers his own version of the facts rather than responding paragraph by paragraph to Defendants' statement, his statement includes some references to the parts of the record that support his statements.  (*See* Doc. 24 ¶¶ 3, 6.)  Therefore, the Court will adopt Defendants' statement of facts, except for those facts clearly disputed by Plaintiff with adequate references to the record. *See United States ex rel. Stephen Paranich, D.C. v. Deborah Sorgnard, et. al.,* 286 F. Supp. 2d 445, 447 n.3 (M.D. Pa. 2003), *aff'd*, 396 F. 3d 326 (3d Cir. 2005).

that staff approved and used excessive force, as "sensitive."  (*Id.* ¶¶ 5, 11.)

Defendants state that no records exist to enable the BOP to determine whether or not

the June 20, 2008 administrative remedy refers to either the alleged incident on May

25, 2008 involving Defendant Anderson, or the alleged altercation on May 30, 2008

involving Terrell's cellmate.  (*Id.* ¶ 12.)  While neither party has submitted a copy of

Rem. ID 499616-R1, Terrell states that it pertains to his civil action at Civil No. 4:08-

CV-1311.[2]  (Rec. Doc. No. 24, Pltf.'s SMF, ¶ 8.)

Terrell disputes that the BOP records provided by Defendants show all of the

administrative remedies he filed while incarcerated at USP Lewisburg.  (*See id.*

¶¶ 6-7.)  He states that he filed two informal resolution attempts that pertain to the

allegations that form the basis for the Complaint in this action.  (*Id.* ¶ 3.)  In an

affidavit attached to his opposition brief, Terrell declares that he submitted these

administrative remedies, BP # 08-IF-71 and BP #08-IF-74, to Mr. Metzger.  (Rec.

Doc. No. 21 at 5.)  Copies of the informal resolution attempts, and the responses

thereto, are attached to Terrell's opposition brief.  (*Id.* at 7-11.)

The informal resolution attempts contain substantially the same allegations as

_____

[2]Terrell's Complaint in that action alleges that three members of the USP
Lewisburg staff utilized excessive force during an incident in the SHU on June 6,
2008.  (*See Terrell v. Passaniti*, Civil No. 4:08-CV-1311, Rec. Doc. No. 1.)

the Complaint in this action. In the informal resolution attempt filed at BP #08-IF-71, Terrell states that, on May 25, 2008, Officer Chuck Anderson "walked up & down the range yelling out 'inmate Terrell is a rapist don't list [*sic*] to him.'" (*Id.* at 7.) He further states that Officer Anderson "put my life in danger with other inmate due to his unprofessional unethical conduct." (*Id.*) On June 3, 2008, K.A. Metzger provided the following response:

> It appears from this Informal Resolution (BP-8), that your issue has to due [*sic*] with Staff Misconduct by the Special Housing Unit Officer working in the Basement.
>
> Since you are alleging Staff Misconduct, a copy of this BP-8 will be forwarded to the S.I.S. Office[3] for there [*sic*] review and/or use. Any further questions or concerns about this BP-8 should be directed towards [*sic*] this Office.

(*Id.* at 8.)

In the informal resolution attempt filed at BP # 08-IF-74, Terrell states that, on May 30, 2008, Lieutenants Flemmins and Benfer ordered their officers to force him into the same cell with another inmate. (*Id.* at 10.) The inmate then beat Terrell and took him hostage. (*Id.*) After two hours, staff found Terrell during rounds and placed him in a holding cage for examination by a physician's assistant. (*Id.*) After Terrell was examined, he was placed in a leaky cell with no shower or toilet. (*Id.*) K.A.

---

[3]The response does not explain what the acronym "S.I.S." denotes.

Metzger's June 3, 2008 response to this informal resolution attempt is identical to the response he provided to the attempt filed at BP # 08-IF-71. (*See id.* at 11.)

**C.    <u>Analysis</u>**

In the instant case, Plaintiff has submitted evidence showing that he complied with 28 C.F.R. § 542.13(a) by submitting two informal resolution attempts setting forth the allegations that form the basis for the Complaint in the instant action. (*See* Rec. Doc. No. 21 at 7-11.) The responses indicated that the complaints were being forwarded to the S.I.S. Office for review. (*See id.*) Section 542.13(a) states that "staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). This requirement also is set forth on the informal resolution form, which states: "A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (Pg 1 & Pg 2)." (*See* Rec. Doc. No. 21 at 9, 11, Informal Resolution Attempt Forms.)

Viewing the facts in the light most favorable to Plaintiff, the Court cannot say that he failed to exhaust his administrative remedies. Prisoners are only required to exhaust such administrative remedies "as are available." 42 U.S.C. § 1997e(a). "Available" remedies are those "capable of use" or those "at hand." *Brown*, 312 F.3d at 113. Terrell has submitted evidence showing that the responses he received to his

informal resolution attempts indicated that they were being forwarded to the S.I.S. Office. This response suggests that the informal resolution process was not yet completed, but rather was to be carried out by the S.I.S. Office. There is nothing in the record indicating whether the S.I.S. Office completed the informal resolution process as to either attempt such that Terrell would have been permitted to continue on to the formal grievance process by submitting BP-9 forms to the Warden. In light of this uncertainty as to whether the S.I.S. Office completed the informal resolution process as required by 28 C.F.R. § 542.13(a), a genuine issue of material fact exists with regard to whether the entire administrative remedy process was available to Terrell. Accordingly, Defendants have not met their burden of proving that Terrell failed to exhaust "available" administrative remedies, and summary judgment will be denied.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

In their motion, filed on August 25, 2009, Defendants request that this Court stay discovery and not require them to respond to Plaintiff's First Set of Interrogatories, which he served on them on August 17, 2009. (Rec. Doc. Nos. 28 and 29.) Defendants explain that the caption to the interrogatories contains the docket number assigned to the instant action as well as the docket number assigned to

Plaintiff's other civil rights action at Civil No. 4:08-CV-1311.  (*See* Rec. Doc. No. 29-2 at 2, Pltf.'s First Set of Interrogatories.)  Defendants argue that the entry of a protective order pending the disposition of their motion for summary judgment is appropriate inasmuch as they would be unduly burdened with engaging in extensive interviews with various BOP staff members in order to answer the interrogatories at this stage of the proceedings.  (*See* Rec. Doc. No. 29 at 5.)

In light of this Court's disposition of Defendants' motion for summary judgment, their motion for a protective order will be denied as moot.  Defendants will be directed to respond to Plaintiff's First Set of Interrogatories within thirty (30) days from the date of this Order.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment (Rec. Doc. No. 14) will be denied, and their motion for a protective order (Rec. Doc. No. 28) will be denied as moot.

   s/ James F. McClure, Jr.   
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BROOKS TERRELL,                    :
                                   :
            Plaintiff,             :          CIVIL NO. 4:08-CV-1248
                                   :
      v.                           :          (Judge McClure)
                                   :
LIEUTENANT BENFER, *et al.*,       :
                                   :
            Defendants.            :

## <u>ORDER</u>

October 22, 2009

**AND NOW,** in accordance with the foregoing Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.     Defendants' motion for summary judgment (Rec. Doc. No. 14) is

**DENIED**.

2.     Defendants' motion for a protective order (Rec. Doc. No. 28) is

**DENIED** as moot.

3.     Defendants shall respond to Plaintiff's First Set of Interrogatories (Rec.

Doc. No. 29-2 at 2-3) within thirty (30) days from the date of this Order.

                                    s/ James F. McClure, Jr.
                              JAMES F. McCLURE, JR.
                              United States District Judge